

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY EDIE, | ) Case No. CV 03-6917 ABC (JC) |
| Plaintiff, | ) (PROPOSED) |
| v. | ) ORDER ADOPTING FINDINGS, CONCLUSIONS AND |
| LOS ANGELES COUNTY SHERIFF LEE BACA, et al., | ) RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files of this case, including the Report and Recommendation of the United States Magistrate Judge ("R&R") and Plaintiff's Objection to the R&R (the "Objection"). The Court has further made a de novo determination of those portions of the R&R to which objection is made. The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

Plaintiff essentially raises three objections to the R&R, none of which has merit. First, plaintiff contends that he is entitled to tolling or a later commencement of the statute of limitations period because he allegedly filed a complaint to obtain the return of the subject funds in another case in "an appeal

court or Southern District Court or Central District Court" "between the year 1996-1997-1998[,]" and the court in such action advised him that his money was in a vault at Parker Center. (Objection at 1-2) (emphasis in original). Plaintiff, however, offers no evidence to support his assertion regarding the existence or pursuit of such separate action.[1] Accordingly, the Objection is overruled.[2]

Second, plaintiff objects to the timing of the issuance of the R&R, essentially claiming that the removal of the moving defendants from this action

---

[1] A search of the court's PACER system reflects (i) no activity by plaintiff in the Ninth Circuit Court of Appeals; (ii) no activity by plaintiff in the United States District Court for the Southern District of California; and (iii) two actions filed by plaintiff in the Central District of California – the instant action, and a habeas action filed in 2005 in Case No. CV 05-339 DSF(JC). Further, a search of the California Court of Appeal and California Supreme Court websites reflects no cases filed by plaintiff or pending during the relevant time period.

[2] Even if plaintiff had belatedly offered evidence of the existence of such prior litigation, the Court would nonetheless overrule the Objection. Despite the extensive briefing permitted by the court on the motions in issue, and despite the court's specific admonition to the parties to present the court with authenticated versions of any documents previously submitted in the action which the parties wished the court to consider in conjunction with the motions in issue (see December 31, 2007 order), plaintiff did not assert the existence of such prior litigation in any of the documents filed in conjunction with the motions in issue and did not ask the court to consider pleadings filed in conjunction with any other motions. Plaintiff appears to suggest that the court erroneously failed to consider a reference to the alleged prior litigation in his February 2007 opposition to defendant Willie Williams' motion to dismiss plaintiff's *fourth* amended complaint – a pleading not pertinent to and not presented to the court in conjunction with the motions in issue. (Objection at 2; Docket No. 164). Aside from the fact that plaintiff's reference to the prior litigation in the February 2007 submission lacks evidentiary support, his failure timely to bring the alleged prior litigation to the attention of the court in conjunction with its consideration of the motions in issue, precludes him from belatedly doing so at this juncture. As the court advised plaintiff in the Notice of Filing of Magistrate Judge's Report and Recommendation and in its April 4, 2008 order extending plaintiff's deadline to file objections to the R&R, the court will not consider objections raising new theories or evidence which could have been, but was not previously presented to the court. See Holmes v. Marquez, 2006 WL 736173 (E.D. Cal. 2006) (litigant may not raise in objections to Report and Recommendation, a new theory or factual assertions that could have been but were not previously presented to the court; because court informed plaintiff of what he needed to do to oppose summary judgment motion, court cannot consider declaration offered for first time in objection to Report and Recommendation); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *6 n.9 (C.D. Cal. 1997) (objections cannot properly be based upon new factual material that could have been, but was not, presented before the underlying ruling to which the objections relate was issued). Accordingly, plaintiff's Objection is also overruled on the foregoing basis.

1  will hinder plaintiff's ability to obtain responses from such defendants to
2  outstanding document requests which seek information regarding the location of
3  the five remaining unserved defendants.  Aside from the fact that this Objection
4  lacks merit, the Court notes that it is moot because, as indicated in plaintiff's
5  April 14, 2008 motion for USM-285 forms, defendants have since responded to
6  the document requests in issue.  Accordingly, the Objection is overruled.

7       Finally, plaintiff suggests that the magistrate judge unreasonably "made up"
8  the statement that the November 1, 1995 letter to plaintiff's attorney included the
9  notice of forfeiture, and reiterates his contention that he did not timely receive
10 notice of the forfeiture. (Objection at 4).  This Court notes that the R&R passage
11 in issue directly quotes plaintiff's opposition brief in which plaintiff refers to the
12 "Letter Dated November 1, 1995 DEA Chief Counsel Respond to Joel Peck who
13 was a public defender at the time representing [plaintiff] . . . DEA Chief Counsel
14 provided Joel Peck with the Notice of Administrative Forfeiture. . . ." (Plaintiff's
15 Summary Judgment Opposition at 5).  Accordingly, plaintiff is incorrect in his
16 assertion that the magistrate judge "made up" such statement and the Objection is
17 overruled.

18       IT IS THEREFORE ORDERED that:  (1) defendants' pending motions to
19 dismiss, which the court has converted to motions for summary judgment, are
20 granted; and (2) plaintiff's pending motion to amend is denied.

21       IT IS FURTHER ORDERED that the Clerk serve copies of this Order on
22 plaintiff and on defendants' counsel.

23       IT IS SO ORDERED.

25  DATED:  May 28, 2008

HONORABLE AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE